IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STEPHEN M. PAGE,

       Petitioner,

v.                                             Civil Action No. 2:06cv106
                                            (Judge Maxwell)

WARDEN-USP HAZELTON,

       Respondent.

## OPINION/REPORT AND RECOMMENDATION

On November 13, 2006, the *pro se* petitioner initiated this case by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. This case is before the Court for an initial review and report and recommendation pursuant to LR PL P 83.09, <u>et</u> <u>seq.</u>

## I. The Petition

In the petition, Petitioner asserts that he has a civil rights case pending against the Bureau of Prisons ("BOP") in the United States District Court for the Central District of California. However, in order to continue the prosecution of that case, Petitioner asserts that he is required to make copies of his requests for administrative remedies and other papers related to that case. Petitioner asserts that his administrative remedies alone involve more than 100 pages and that he must assume responsibility for the costs of copies and mail pursuant to his agreement with the BOP under the Inmate Financial Responsibility Program. However, Petitioner asserts that he is disabled and indigent and is unable to bear those costs. Therefore, Petitioner requests that the Court direct the Warden at USP Hazelton to grant him access to a copy machine without costs or fees and to not delay, obstruct or interfere with Petitioner's access to the courts.

## II. Analysis

A § 2241 petition is used to attack the manner in which a sentence is executed. See 28 U.S.C. § 2241. More specifically, a § 2241 petition is appropriate where a prisoner challenges the fact or length of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973).

Here, Petitioner does not attack the execution of his sentence. Instead, Petitioner seeks an order granting him access to a copier without fees and costs and that directs the BOP to not interfere with his access to the courts. Clearly, Petitioner's claims should have been raised pursuant to a civil rights complaint. Id. (a civil rights action is a proper remedy for a prisoner challenging the conditions of his prison life).

Because a petition for writ of habeas corpus under 28 U.S.C. § 2241 is not the proper avenue in which to seek the requested relief, the petition should be DISMISSED without prejudice to Petitioner's right to reassert his claims pursuant to a civil rights complaint.[1]

## III. Recommendation

For the foregoing reasons, it is the recommendation of the undersigned that Petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 be DENIED and DISMISSED without prejudice.

Within ten (10) days after being served with a copy of this recommendation, any party may

---

[1] However, Plaintiff is advised that before filing suit in this Court, he must first make his request for free copying with the BOP. See 28 C.F.R. § 543.11(g) (The institution staff shall, upon an inmate's request and at times scheduled by staff, duplicate legal documents if the inmate demonstrates that more than one copy must be submitted to court and that the duplication cannot be accomplished by use of carbon paper. The inmate shall bear the cost, and the duplication shall be done so as not to interfere with regular institution operations. *Staff may waive the cost if the inmate is without funds or if the material to be duplicated is minimal, and the inmate's requests for duplication are not large or excessive*). In addition, if that request is denied, and Petitioner wishes to file suit in this Court, he is reminded that he must first exhaust his available administrative remedies. See 42 U.S.C. § 1997(e)(a); see also Booth v. Churner, 532 U.S. 731, 741 (2001).

file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: November 14, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE