# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**STEPHEN MICHAEL PAGE,**

    **Petitioner,**

**v.**                                                        **Civil Action No. 2:06cv106**
                                                                     **(Judge Maxwell)**

**WARDEN-USP HAZELTON,**

    **Respondents.**

## OPINION/REPORT AND RECOMMENDATION ON
## PETITIONER'S AMENDED PETITION

On November 13, 2006, the pro se petitioner initiated this case by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. On November 15th, the undersigned issued an Opinion recommending that the petition be dismissed as improperly filed because the petition challenges the conditions of Petitioner's confinement rather the manner in which his sentence is being executed. On December 4, 2006, Petitioner filed his objections to the Report and Recommendation as well as an Amended Petition. The case is before the undersigned for a Report and Recommendation on Petitioner's Amended Petition.

In the original petition, Petitioner asserts that his civil rights have been violated because employees of the Bureau of Prisons at the Hazelton Penitentiary have failed to grant him access to a copy machine without costs and fees, even though he has a pending legal case in the United States District Court for the Central District of California. Therefore, Petitioner requested that the Court direct the Warden at USP Hazelton to grant him access to a copy machine without costs or fees and to not delay, obstruct or interfere with Petitioner's access to the courts.

In the R&R, the undersigned noted that a § 2241 petition is used to attack the manner in

which a sentence is executed and a civil rights complaint is the appropriate way for a prisoner to challenge the conditions of his confinement. See Opinion/Report and Recommendation (dckt. 11) at 2 (citing Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973)). The undersigned then found that because Petitioner's claim is a challenge to the conditions of his confinement, rather than a challenge to the manner in which his sentence is being executed, the petition should be denied and dismissed without prejudice to Petitioner's right to reassert his claim pursuant to a civil rights complaint.[1]

In his amended petition, Petitioner does not raise any new issues or facts. Instead, Petitioner merely reiterates his original argument. In fact, Petitioner states that staff's failure to provide him the requested legal copies is an "unconstitutional violation of confinement." Amended Petition at 2. The only argument Petitioner makes with regard to his sentence is that "copies is (sic) part of a legal sentence requirement or the sentence is uncomprehensible, unjust and without privileged merits. Grant this petition or release the prisoner from the uncomprehensible sentence" Id. at 4. However, even if this Court were to find that the Defendant has denied Petitioner access to the courts by failing to provide him with legal copies free of charge, Petitioner would not be entitled to release from incarceration.[2]

Accordingly, the undersigned recommends that Petitioner's Amended Petition be DENIED and STRICKEN from the record.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to

---

[1] The undersigned takes judicial notice of Page v. Warden-USP Hazelton, 3:06cv131 (N.D.W.V. 2006) filed in this Court on December 4, 2006, in which Petitioner raises his claim in a civil rights action.

[2] The Court notes that Petitioner's case pending in the Central District of California is also a civil rights matter and even if Petitioner should ultimately lose that case because of the alleged actions of the Defendant in this case, Petitioner's sentence would remain unaffected. See Petition at 4.

which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: December 8, 2006.

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE